UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ROXANNE MARCELLE LESTER, | ) | CASE NO. 20-20283 |
| | ) | |
| DEBTOR. | ) | HON. A. BENJAMIN GOLDGAR |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **February 22, 2021, at 9:30 a.m.**, I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, and the **United States Trustee's Motion To Examine Fees Paid To Attorney Pursuant To 11 U.S.C. § 329(B) And For Other Relief**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 500 0972 and the password is 726993. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

> */s/ Jeffrey L. Gansberg*
> Jeffrey L. Gansberg, Attorney
> OFFICE OF THE U.S. TRUSTEE
> 219 South Dearborn Street, Room 873
> Chicago, Illinois 60604
> (312) 886-3327

1

## CERTIFICATE OF SERVICE

      I, Jeffrey L. Gansberg, an attorney, certify that I served a copy of this notice, the attached motion, and proposed order on each entity shown on the attached list at the address shown and by the method indicated on February 9, 2021, before 5:00 p.m.

                                                               */s/ Jeffrey L. Gansberg*

**SERVICE LIST**

**Registrants Served Through the Court's Electronic Notice for Registrants:**

| | |
|---|---|
| Richard M. Fogel: | rfogel@cozen.com, il72@ecfcbis.com;richard-fogel-1441@ecf.pacerpro.com |
| Patrick S. Layng: | USTPRegion11.ES.ECF@usdoj.gov |
| Vaughn A. White: | attywhite@hotmail.com, vaughn@vaughnwhite.com; white.vaughnr102423@notify.bestcase.com |

**Parties Served via First Class Mail:**

Roxanne Marcelle Lester
3744 N. Lockwood Ave.
Chicago, IL 60641

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ROXANNE MARCELLE LESTER, | ) | CASE NO. 20-20283 |
| | ) | |
| DEBTOR. | ) | HON. A. BENJAMIN GOLDGAR |

**UNITED STATES TRUSTEE'S MOTION TO EXAMINE FEES PAID
TO ATTORNEY PURSUANT TO 11 U.S.C. § 329(b) AND FOR OTHER RELIEF**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "**U.S. Trustee**"), by and through his attorney, Jeffrey L. Gansberg, hereby requests this Court, pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2017, to examine the fees paid to attorney Vaughn White ("**White**") in connection with this case and for other relief. In support of this request, the U.S. Trustee respectfully states to the Court as follows:

**Jurisdiction**

1. The Court has jurisdiction to hear and determine this proceeding under 28 U.S.C. § 157(b)(2)(A) and IOP 15(a) and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

2. Movant is the U.S. Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases under 28 U.S.C. § 586(a)(3). The U.S. Trustee has standing to bring this Motion under 11 U.S.C. § 307.

**Background**

3. On November 16, 2020 (the "**Petition Date**"), Roxanne Marcelle Lester (the "**Debtor**"), with the assistance of her attorney, White, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

1

4. On the Petition Date, White filed the Debtor's petition, Schedules and statement of financial affairs (the "**SOFA**"). ECF No. 1.

5. On November 16, 2020, White filed the Attorney Statement of Compensation Pursuant to Rule 2016 (the "**2016 Disclosure**") reflecting that he received $1,665 from the Debtor for legal services prior to the Petition Date. ECF No. 6. However, in response to Question No. 16 on the SOFA ("Within 1 year before you filed for bankruptcy did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?"), the Debtor indicated, "No." ECF No. 1 at p. 35.

6. White failed to file any engagement letter (or written fee agreement) with the Court as required by Local Rule 2016-1 and 11 U.S.C. § 528(a).

7. Additionally, the United States Trustee has information that supports an allegation that White was not responsive to the Debtor and did not provide advice to her when requested. It does not appear from these allegations that White provided the Debtor with sufficient representation in this case.

**Relief Requested**

8. Section 329(b) of the Bankruptcy Code authorizes this Court to examine the fees paid to an attorney in connection with a bankruptcy case and provides that, to the extent the amounts paid exceed the reasonable value of the services rendered, this Court can cancel any agreement between the debtor and counsel and order the return of any excessive payment. *See* 11 U.S.C. § 329(b); *see also* Fed. R. Bankr. P. 2017(b). "In determining the reasonable value [of legal services provided], the court must be guided by section 330." *In re Jackson*, 401 B.R. 333, 341 (Bankr. N.D. Ill. 2009) (Goldgar, J.) (internal quotations omitted). "Under section 330, reasonable compensation depends on the nature, the extent, and the value of the services." *Id*. (internal

quotations omitted). The attorney seeking fees is saddled with the burden of proving the reasonableness of the fees sought. *See id*.

### A. The Fees Charged Exceed the Reasonable Value of Services

9. This Court should examine White's fees because they are disproportionate to the services provided. While the 2016 Disclosure indicates that White charged the Debtor $1,665 for services rendered in this case, based upon allegations made by the Debtor, White has not responded to the Debtor and advised her appropriately.

10. Further, it appears that there is incorrect information on the SOFA, as payments to White were not disclosed by the Debtor. Either the 2016 Disclosure, filed by White under the penalty of perjury, or the SOFA, filed by the Debtor under the penalty of perjury, contain inaccurate information. White's conduct requires the Court to examine White's fees.

### B. Debtor's Counsel Failed to Comply with Local Rule 2016-1.

11. Local Rule 2016-1 provides:

> Every agreement between a debtor and an attorney for the debtor that pertains, directly or indirectly, to the compensation paid or given, or to be paid or given, to or for the benefit of the attorney must be in the form of a written document signed by the debtor and the attorney. Agreements subject to this rule include, but are not limited to, the Court-Approved Retention Agreement, other fee or expense agreements, wage assignments, and security agreements of all kinds. Each such agreement must be attached to the statement that must be filed under Fed. R. Bankr. P. 2016(b) in all bankruptcy cases. Any agreement entered into after the filing of the statement under Fed. R. Bankr. P. 2016(b) must be filed as a supplement to that statement within 14 days of the date the agreement is entered into.

12. To the extent that a fee agreement exists between the Debtor and White that was not filed with this Court, White is not in compliance with Local Rule 2016-1 and his fees should be examined accordingly.

3

13. Under the circumstances of this case, the U.S. Trustee believes it is appropriate for the Court to examine the reasonableness of the fees the Debtor paid to White. The U.S. Trustee also believes that White should be required to promptly file all of his Written Fee Agreements with the Debtor with the Court.

WHEREFORE, the U.S. Trustee respectfully asks the Court to enter an order scheduling a hearing to examine the fees paid to Vaughn White in this case under Fed. R. Bankr. P. 2017 and 11 U.S.C. § 329, directing Vaughn White to appear at that hearing, ordering Vaughn White to file with this Court his Written Fee Agreement with the Debtor within seven days, and granting any other relief the Court deems just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

Dated: February 9, 2021    /s/ *Jeffrey L. Gansberg*
Jeffrey L. Gansberg, Trial Attorney
OFFICE OF THE U.S. TRUSTEE
219 S. Dearborn, Room 873
Chicago, Illinois   60604
(312) 886-3327

4